**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

UNITED STATES OF AMERICA,

v.                                                                          CASE NO.: 4:19-cr-183

REGINALD ANDERSON,

Defendant.

**CRIMINAL TRIAL MANAGEMENT ORDER**

The Court hereby orders that the above captioned case is set for **PRETRIAL CONFERENCE** before R. Stan Baker, United States District Judge, at 2:00 PM, on Thursday, June 3, 2021, at the Federal Courthouse, First Floor Courtroom, 125 Bull Street, Savannah, Georgia, and for **JURY SELECTION AND TRIAL** before R. Stan Baker, United States District Judge, at 9:00 AM, on Tuesday, June 22, 2021, at the Federal Courthouse, First Floor Courtroom, 125 Bull Street, Savannah, Georgia. The Court **ORDERS** the parties to carefully read and comply with the following directives.

**I.      General Directions**

In this Order, the Court sets forth the parties' obligations to prepare this matter for trial. It is not the Court's intention to impose needlessly onerous obligations on counsel. Rather, these measures are designed to ensure the just and efficient trial of this case. It is the Court's experience that the administration of justice is better served when the matters addressed herein are resolved well in advance of trial rather than by last minute filings on the eve of or during trial.

Except where otherwise indicated in this Order, the parties shall electronically file the documents described below using the Court's CM/ECF system. Each filed document should be

separately and clearly captioned.  When documents are required by this Order to be sent to the Court by email attachment, they should be submitted to the Courtroom Deputy Clerk Pam Hammock at pam_hammock@gas.uscourts.gov.  Any questions may be directed to the Courtroom Deputy Clerk either by email or by telephone at (912) 650-4081.

## II.     Motions to Continue or Extend

The Court will only continue or extend the deadlines in this Order upon a showing of good cause.  If any party seeks to continue or extend any of the deadlines in this Order including the date of the trial and/or pretrial conference, the party must make that request via a motion filed on the Court's docket.  The filing of a notice of a plea agreement alone will not continue or extend the deadlines in this Order.  Absent a showing of good cause, a motion to continue or extend the trial should be made at least two weeks before the trial date.  Prior to filing any request to continue or extend, the requesting party shall consult with opposing counsel to determine if the opposing party agrees with or opposes the request.  Within any motion to continue or extend, the moving party shall state whether the Defendant agrees with or opposes the request and whether opposing counsel agrees with or opposes the request.  Additionally, within any motion to continue or extend, the moving party should state whether the period of delay should be excluded in computing the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161.

## III.    Exhibit List and Witness List

Each party shall e-mail the Courtroom Deputy Clerk a copy of their witness list and exhibit list as attachments in PDF and Word format on or before **June 1, 2021**.  Parties shall not file the witness list on the record of the case in CM/ECF.  At the pretrial conference, the Court will discuss

with counsel whether each party's exhibit list and/or witness list should be disclosed to opposing counsel.[1]

## IV.    Trial Exhibits

On or before **June 1, 2021**, each party shall deliver to the Courtroom Deputy Clerk, a USB flash drive containing all trial exhibits in electronic format.[2]  Parties shall not file trial exhibits on the record of the case in CM/ECF.

Original exhibits shall be submitted at the time of trial in electronic format and in accordance with the Eleventh Circuit rules regarding exhibits (11th Cir. R. 11-3, http://www.ca11.uscourts.gov/rules-procedures).   Ordinarily, all exhibits for introduction into evidence at trial, to be shown to witnesses, and to be published to the jury must be presented electronically during trial, including documentary exhibits.   Some exhibits may not exist in electronic format or may not easily convert to an electronic format.   In those instances, the parties shall notate their respective exhibit lists as to any exhibits not submitted in electronic format. When submitting non-documentary physical exhibits, the parties shall include photographs or other reproductions of such exhibits in electronic form.

Additionally, all parties shall provide one paper courtesy copy of all trial exhibits for inclusion in a Trial Exhibit Notebook to be given to the jury at the conclusion of the case.  The

---

[1]  The Court does not provide a separate deadline for an expert witness list and narrative summaries of any expert testimony.  It is the Court's expectation that the parties have already exchanged such materials pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G).  However, the parties should be expected to discuss their proposed expert witnesses with the Court at the pretrial conference.

[2]  Acceptable electronic formats are limited to the following file types: .pdf, .jpg, .bmp, .tif, .gif, .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav, .3gpp.  Each trial exhibit should be clearly named in an easily identifiable manner.  Should the parties have any questions regarding the electronic format or naming conventions for proposed exhibits, they should contact the Courtroom Deputy Clerk well in advance of their deadline for submission of electronic exhibits.

Trial Exhibit Notebook for the jury should contain said exhibits placed into labeled three-ring binders with corresponding exhibit numbered side index tabs for each exhibit.

## V.       Trial Memoranda

Each party may file, but is not required to file, a trial memorandum.  Any party desiring to file a trial memorandum shall file the memorandum on or before **June 1, 2021**.  A trial memorandum should be filed where necessary to make the Court aware of significant or unique procedural, factual, or legal issues that the party expects to arise at trial.  The memorandum should contain a short and plain statement of any such issues.  For any legal issues, the party must cite to relevant legal authority.  A party should not file a trial memorandum to discuss routine or insignificant issues.  A party should also not file a trial memorandum to request court action prior to trial as such a request should be made in a motion in limine.  Additionally, a party should not file a trial memorandum to reiterate issues that have already been raised by a motion in limine. When filing a trial memorandum, the party should use the "Trial Brief" event in CM/ECF located under Criminal – Other Filings – Trial Documents.

## VI.      Pretrial Conference

At the pretrial conference, the Court will conduct a meaningful and substantive discussion regarding the trial of this case.  **Thus, the Defendant and any attorney participating in the trial of the case shall be present at the pretrial conference**.  Counsel shall be prepared to discuss and offer argument on any motions in limine and responses thereto, as well as any trial document listed above and objections thereto.  Absent a significant issue, the Court will not address individual exhibit objections at the pretrial conference as those objections are better addressed during trial. Additionally, at the pretrial conference, counsel should bring to the Court's attention any

witnesses, parties, counsel, or others who will be present at trial and who may need accommodation for any disability.

**SO ORDERED**, this 26th day of April, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA